ALBANY,
Feb. 1828.

Fox
v.
Drake.

*Fox *against* DRAKE and PUMPELLY.

Public agents striking a balance and promising to pay in writing, adding their character of agent, are not personally liable.

E. g. Commissioners appointed under the statute (sess. 35, ch. 75, s. 9, 10,) to superintend building the court house in Tioga county. Otherwise, if they have public funds in their hands. These are not personally liable on the ground that they have made payments on contracts entered into subsequent to the one on which the action is brought, thus exhausting their funds. They have a discretion in applying the public funds, which is not controlled by the order of time in which they have made their contracts.

ASSUMPIT, tried at the Tioga circuit, in January, 1827 before NELSON, C. Judge.

At the trial, it appeared that the defendants were commissioners for building a court house in Owego village, county of Tioga, appointed under the Statute, (sess. 45, ch. 75, s. 9. 10, A. D. 1822, p. 76,) and that known to the plaintiff, who worked upon the court house under a contract with the defendants. Having paid out considerable money raised under the act; and some on contracts made for work after they had employed the plaintiff, they struck a balance with him, and executed and delivered to him the following note: "On settlement with Sylvanus Fox for work and labor on the court house in the village of Owego, we find there to be due him 218 dollars and 65 cents, which we promise to pay on the first day of June next. Dated Owego, March 25th, 1823.

<table>
<tr><td>*John R. Drake,*</td><td rowspan="2">}</td><td rowspan="2">Commissioners for building the court house at Owego village."</td></tr>
<tr><td>*Charles Pumpelly,*</td></tr>
</table>

Evidence being given on the question whether the commissioners were in advance of the funds in their hands, at the commencement of the suit, the judge left the question to the jury, whether the defendants had public funds in their hands to pay the plaintiff, charging that if they had, the verdict should be for the plaintiff; otherwise not. That defendants had a discretion in applying moneys, raised upon subsequent contracts, and were not liable for that reason.

Verdict for the defendants.

*S. Sherwood,* for the plaintiff, now moved for a new trial. He said the defendants were personally liable; and it made no difference whether they had funds or not. The addition to the names was a mere discription of person. (8 John. 148; 13 id. 308; 9 id. 334; 3 Cain. 70, 72; *12 John.

[*192]

388, 444; 15 id. 2, 281; 18 id. 126; 1 Coxe, 27.) Under the statute, the defendants were bound to confine themselves to the sum raised. Going beyond it, they were, therefore, personally liable, having broken their trust. (1 Coxe's N. J. Rep. 242.) At any rate, the defendants should have paid on the plaintiff's contract in preference to subsequent ones.

*J. A. Collier*, contra. The defendants acted as known public agents, and contracted only in that character; and are, therefore, not personally liable. 13 John. 313; 19 id. 60; 1 Cowen, 534; 8 John. 130.

*Curia, per* SAVAGE, Ch. J. This is a case in which the defendants are not personally liable, unless it was clearly their intention to assume personal responsibility, which does not appear. The question was fairly passed upon, whether they had expended all the moneys in their hands; and the judge was right in saying the defendants had a discretion as to paying out the money, and that they did not become liable by reason of paying contracts entered into subsequent to the plaintiff's contract. The motion for a new trial must be denied.[1]

New trial denied.

[1] See New York Digest, vol. 4, tit. *Principal and Agent.*